**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI SOUTHERN DIVISION**

| | | |
|---|---|---|
| SATNAAM SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 6:26-cv-03485-MBB |
| | ) | |
| JIM ARNOTT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Satnaam Singh petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 2). And he argues that his continued mandatory detention violates the Constitution. (***Id.*** at pp. 15-16). He asks the Court to order the Government to provide a bond hearing or immediately release him. (***Id.*** at p. 17). Because Petitioner's detention does not violate the INA or his rights to procedural or substantive due process, the petition is DENIED.

**Background**

Petitioner, a citizen of India, entered the United States illegally in 2023. (**Doc. 1-2**, p. 4). DHS arrested him, initiated removal proceedings, and released him on his own recognizance. (***Id.*** at pp. 4-12). Petitioner filed an application for asylum. (***Id.*** at pp. 14-25). On July 7, 2026, DHS allegedly re-arrested Petitioner and detained him without bond. (**Doc. 1**, p. 6). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.***); (**Doc. 6**, p. 2). On August 13, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that his detention violates the Immigration and Nationality Act (the "INA"). (***Id.*** at pp. 16-17). He argues that DHS violated his Constitutional right to due process

when it revoked his conditional parole. (***Id.*** at pp. 14-15). And he argues that his continued detention without bond violates the Fifth Amendment. (***Id.*** at pp. 15-16).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025); ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate the INA or his rights to procedural or substantive due process.

**I. Petitioner's detention does not violate the INA.**

Petitioner acknowledges that *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) permits his mandatory detention under Section 1225(b)(2)(A). (**Doc. 1**, p. 16). But he "preserves any statutory challenge arising from the legal basis of his August 9, 2023, release and the authority, if any, under which that release was later revoked." (***Id.***). Petitioner's argument is unclear. But his evidence shows that DHS initially released him under 8 U.S.C. § 1226. (**Doc. 1-2**, p. 12). The Government may revoke that release "at any time." *See* **8 U.S.C. § 1226(b)**. And despite DHS initially releasing Petitioner under Section 1226(a), the Government cannot now rely on Section 1225(b)(2)(A) to detain him without bond. (**Doc. 6**, p. 2). Petitioner is still an "applicant for admission," "seeking admission." *See* **8 U.S.C. § 1225(b)(2)(A)**. And "the mere failure of [DHS]"

to initially detain Petitioner under Section 1225(b)(2)(A) "is in no sense a binding administrative interpretation that the Government lacks the authority to act." *See* ***Avila***, 170 F.4th at 1137 (internal quotation marks omitted). As the Eighth Circuit recently emphasized, "the authority granted by Congress cannot evaporate through lack of administrative exercise." ***Id.*** (cleaned up). His statutory challenge fails.

**II. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Petitioner claims that conditional parole gave him a liberty interest, which the Government may not revoke without notice or a hearing. (**Doc. 1**, p. 15). But removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See* ***Baynee v. Garland***, 115 F.4th 928, 932 (8th Cir. 2024). *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). As discussed, the legislative scheme gives the Government discretion to revoke conditional parole and detain and alien "at any time." *See* **8 U.S.C. § 1226(b)**. *See also* **8 U.S.C. § 1182(d)(5)(A)** (granting DHS broad discretion to rescind humanitarian parole). The Court may not disturb those discretionary decisions. *See* **8 U.S.C. § 1226(e)**.

Petitioner cites case law discussing revocation of parole in the criminal context. *See, e.g.*, ***Morrissey v. Brewer***, 408 U.S. 471 (1972). But courts analyze immigration detention differently. *See* ***Demore v. Kim***, 538 U.S. 510, 522 (2003) ("Congress may make rules as to aliens that would be unacceptable if applied to citizens."); ***Thuraissigiam***, 591 U.S. at 138 (re-iterating that for aliens who have not "even been admitted into the country pursuant to law, the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law" (internal quotation marks omitted)). The Supreme Court held that "detention

during deportation proceedings [is] a constitutionally valid aspect of the deportation process." ***Demore***, 538 U.S. at 523. The Eighth Circuit agreed, holding that detention pending removal proceedings is constitutionally valid when, as here, "deportation is still on the table." *See* ***Baynee***, 115 F.4th at 933. "These cases leave no room" for the balancing test described in *Mathews v. Eldridge*, 424 U.S. 319 (1976). ***Id.*** The legislative scheme authorized Petitioner's re-detention.

## III. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). A petitioner must provide a "careful description of the asserted fundamental liberty interest." ***Washington v. Glucksberg***, 521 U.S. 702, 721 (1997). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* ***id.*** at 728.

True, freedom from imprisonment "lies at the heart of the liberty [the Due Process Clause] protects." ***Zadvydas***, 533 U.S. at 690. But as discussed, detention during removal proceedings is presumptively constitutional. *See* ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). "A wide range of discretion in the Attorney General as to bail is required to meet

the varying situations arising from the many aliens in this country." ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Here, Petitioner does not provide a "careful description of the asserted fundamental liberty interest." *See* ***Glucksberg***, 521 U.S. at 721. He asserts only "[f]reedom from physical restraint." (**Doc. 1**, p. 16). Regardless, removable aliens like Petitioner have no fundamental liberty interest in release pending removal proceedings. Before 1907, there was no provision permitting bail for *any* aliens during removal proceedings. ***Demore***, 538 U.S. at 523 n.7. So release pending removal proceedings is not "deeply rooted in this Nation's history and tradition." *See* ***Minnesota Deer Farmers***, 146 F.4th at 670. And detention pending removal proceedings is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See* ***Demore***, 538 U.S. at 528.

**Conclusion**

Neither Petitioner's re-detention nor his continued detention without bond violate the INA or his rights to procedural or substantive due process. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: September 15, 2026